FILED
NOV 2 2 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gabriel B. Hemingway, )
)
      Plaintiff, )
)
v. ) Civil Action No. 13-1849
)
State and Federal Government, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Sardis, Mississippi. He sues an unidentified "State" and the Federal Government, Compl. Caption, for $12 million. *See* Compl. at 3. The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

1

no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). The complaint does not name a proper State defendant and does not establish a waiver of sovereign immunity.

Similarly, the federal government is subject to suit only upon consent. The United States has consented to be sued for monetary damages under certain circumstances set out in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. The instant complaint alleging "criminal activity" reveals no facts to support an FTCA claim. In addition, nothing in the complaint suggests that plaintiff has exhausted such a claim pursuant to 28 U.S.C. § 2675. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

November 8th, 2013